■ FOOD FAIR STORES, RICHMOND, INC., Appellant, v. BERNARD P. BIRN-BAUM et al., Respondents.— In a declaratory judgment action for the construction of a commercial lease, in which defendants interposed a counterclaim for a permanent injunction, plaintiff-lessee appeals from an order of the Supreme Court, Richmond County, entered June 16, 1965, which granted defendants-lessors' motion for an injunction *pendente lite* restraining plaintiff from constructing a proposed shopping center of less than 80,000 square feet on.the first floor. Order affirmed, with $20 costs and disbursements. The parties should proceed to trial as soon as possible. Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

■ PHILIP M. FREEDMAN et al., Respondents, v. COCA COLA BOTTLING Co. OF NEW YORK, INC., et al., Appellants.— In an action to recover damages for injury to person and property, and for loss of services, etc., defendants appeal from an order of the Supreme Court, Nassau County, entered November 19, 1965, which, on plaintiff Philip M. Freedman's motion, set aside a jury verdict in their favor and ordered a new trial. Order reversed, without costs; said plaintiff's motion denied; verdict for defendants reinstated; and judgment directed to be entered dismissing the complaint as to said plaintiff. The defendant truck driver's testimony is that he slid into the rear of plaintiff's stopped car while applying his brakes on a wet roadway; the truck driver was in a passing maneuver, traveling at a speed of 15 to 20 miles per hour. Plaintiff's car was stopped in the left passing lane and the defendant truck driver saw him for the first time when he was only about 20 feet away. This testimony presented a fact question for the jury as to whether any negligence was proved (see *Sutton* v. *Beal*, 24 A D 2d 1060). Under such circumstances, it may not be said that the evidence so greatly preponderated in plaintiff's favor that the jury's verdict could not have been reached upon any fair interpretation of the evidence (*Olsen* v. *Chase Manhattan Bank*, 10 A D 2d 539, affd. 9 N Y 2d 829). A fair and plausible interpretation is that the evidence revealed an emergency situation which precipitated an unavoidable sliding or skidding when the defendant driver applied his brakes. Accordingly, the jury's verdict should not have been disturbed. Ughetta, Acting P. J., Christ, Brennan and Hopkins, JJ., concur; Hill, J., dissents and votes to affirm the order.